10-3130-cv
Timbie v. Eli Lilly & Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of July, two thousand eleven.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
                     *Circuit Judges*,
             DENISE COTE,
                     *District Judge*.[*]

_____

BARBARA TIMBIE,

                     *Plaintiff-Appellant*,

             -v-                                    10-3130-cv

ELI LILLY & CO.,

                     *Defendant-Appellee*.

_____

Appearing for Appellant:     John R. Williams, New Haven, CT.

Appearing for Appellee:      Joseph C. Pettygrove, Edward E. Hollis, Baker & Daniels LLP, Indianapolis, IN; Scott E. Schaffer, Schaffer Law, LLC, West Hartford, CT.

Appeal from the United States District Court for the District of Connecticut (Dorsey, *J.*).

_____

[*] The Honorable Denise Cote, of the United States District Court for the Southern District of New York, sitting by designation.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Barbara Timbie ("Timbie") initiated an action against her employer, defendant-appellee Eli Lilly & Company ("Eli Lilly"), alleging age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. §§ 46a-60(a), *et seq.* Upon completion of discovery, Eli Lilly moved for summary judgment. On July 14, 2010, Judge Peter C. Dorsey of the United States District Court for the District of Connecticut granted Eli Lilly's motion in its entirety. Timbie now appeals. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Timbie's central objection is that the district court misapplied the appropriate standard in deciding a motion for summary judgment. In particular, Timbie argues that the district court engaged in improper evidence-weighing and credibility determinations, and failed to make the requisite inferences in favor of Timbie, the nonmoving party. *See Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010) (noting that "[t]he function of the district court in considering the motion for summary judgment is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists"). Timbie's arguments are unavailing.

We review a motion for summary judgment de novo, utilizing the same standard on appeal as the district court does below. *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998). That is, if the record supports a finding "that there are no genuine issues of material fact and that the judgment is warranted as a matter of law," then the district court's decision granting summary judgment will be upheld. *Global Network Commc'ns, Inc. v. City of New York*, 562 F.3d 145, 150 (2d Cir. 2009); Fed. R. Civ. P. 56(a).

In the context of a claim of discrimination, "[o]ur Court has repeatedly emphasized 'the need for caution about granting summary judgment to an employer . . . where, as here, the merits turn on a dispute as to the employer's intent.'" *Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 101 (2d Cir. 2010) (quoting *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008)). Direct evidence of discriminatory intent will "only rarely be available, so . . . affidavits and depositions must be carefully scrutinized for circumstantial proof which, if believed, would show discrimination." *Id.* (internal quotation marks and citation omitted). Even in the discrimination context, however, a plaintiff must provide more than conclusory allegations and "set forth specific facts showing that there is a genuine issue for trial," *Zelnik v. Fashion Inst. of Tech.*, 464 F.3d 217, 224 (2d Cir. 2006) (internal quotation marks omitted), thereby creating more than merely "some metaphysical doubt," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Claims brought pursuant to the ADEA are analyzed under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), tripartite burden-shifting framework.[1] *See Gorzynski*, 596 F.3d at

---

[1] Claims of age discrimination under the CFEPA and the ADEA are subject to the same legal analysis. *See Hayes v. Compass Group USA, Inc.*, 343 F. Supp. 2d 112, 118 n.2 (D. Conn. 2004).

106. In *Gross v. FBL Fin. Servs.*, 129 S. Ct. 2343 (2009), the Supreme Court clarified the standard, holding that "a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action," and not just one motivating factor. *Id.* at 2352. *Gross* did not, however, reject the *McDonnell Douglas* burden-shifting framework for ADEA cases. Instead, it noted only that the Supreme Court "has not definitively decided whether the evidentiary framework of *McDonnell Douglas* . . . is appropriate in the ADEA context." *Id.* at 2349 n.2. Our Circuit has held that "we remain bound by, and indeed see no reason to jettison, the burden-shifting framework for ADEA cases that has been consistently employed in our Circuit." *Gorzynski*, 596 F.3d at 106.

Accordingly, under *McDonnell Douglas*, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. 411 U.S. at 802. If the plaintiff satisfies his or her de minimis burden, the burden shifts to the defendant to articulate "some legitimate, nondiscriminatory reason" for the action. *Id.* Once such a reason is provided, the plaintiff can no longer rely on his or her prima facie case, but may prevail if he or she can show that the employer's determination was in fact the result of discrimination. *Holcomb*, 521 F.3d at 138. *Gross* dictates that at this step, the plaintiff must show that "a reasonable jury could conclude by a preponderance of the evidence that [the plaintiff's] age was a 'but for' cause of [the adverse employment action]." *Gorzynski*, 596 F.3d at 107. Below, the district court found that while Timbie satisfied her prima facie case of age discrimination, Timbie could not carry her ultimate burden, given that she "has not offered evidence that could persuade a rational finder of fact that Defendant's reasons for denying her raises and bonuses in 2005 and 2006 were pretextual."

In order to support her contention that the district court misapplied the summary judgment standard, Timbie alleges, inter alia, that the district court assumed the correctness of Eli Lilly's statement that sales representatives such as Timbie were deemed "successful" upon achieving 100% of their quota, in direct contradiction to Timbie's statement that sales representatives were deemed "successful" upon achieving 85% of their quota. Timbie further notes that the district court itself "admitted elsewhere in its opinion, [that] the defendant paid sales bonuses to representatives who reach 85% of their quotas. Thus, it was the defendant, and not the plaintiff, that deemed 85% of quota a successful year."

Timbie misunderstands the facts recited by the district court. The court did not find that Eli Lilly considered meeting 85% quota to be a successful year; rather, the court noted that 85% is "the level at which Defendant begins offering sales bonuses to its representatives," but nevertheless that "Defendant considers representatives to have met their quotas only upon reaching 100%." This conclusion was supported by Timbie's supervisor at Eli Lilly, Shenille Boston ("Boston"), who explained in her affidavit that while "bonus payouts may occur at lower levels, Lilly does not consider a sales representative to have 'met' their quota for performance management purposes until they achieve 100% of their quota." On appeal, Timbie does not contest this criterion, nor that she was not reaching 100% of her quota in sales of Humatrope, one of the two products she was tasked with selling.

More fundamentally, Timbie does not address Eli Lilly's argument that she failed to perform satisfactorily against its full set of performance criteria, of which her sales of Humatrope was only one component. The district court found that Timbie did not challenge that she had failed to reach 100% of her portfolio quota, which included her sales of both Humatrope and

3

Humalog, nor that she failed to meet defendant's "Sales Competency Model" standards as evaluated by Boston in terms the court characterized as both clear and specific. Nor does Timbie dispute such findings on appeal, arguing only that Eli Lilly considered reaching 85% to be satisfactory. In evaluating an employer's proffered reason for an employment decision, "[o]ur role is to prevent unlawful hiring practices, not to act as a 'super personnel department' that second guesses employers' business judgments." *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir. 2001) (quoting *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1330 (10th Cir. 1999)). Accordingly, we cannot agree with Timbie that the district court misapplied the standard for summary judgment in deciding this point.

Another objection Timbie raises is that the district court erroneously disregarded an affidavit, the Elliott Affidavit, that she submitted by one of her co-workers. Timbie argues that "[i]n disregarding the affidavit for its alleged lack of specificity, the district court engaged in precisely the sort of evidence-weighing prohibited" on a motion for summary judgment. However, Federal Rule of Civil Procedure 56(c) provides that "[a]n affidavit . . . used to support or oppose a motion must . . . set out facts that would be admissible in evidence." Fed. R. Civ. P. 56(c)(4); *see also Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999) ("Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment."). If a party fails to properly support an assertion of fact as required by Rule 56(c), then the court may grant summary judgment against it. Fed. R. Civ. P. 56(e).

In this case, the district court found that the Elliott Affidavit was wholly conclusory, amounted only "to a naked speculation concerning the motivation for a defendant's adverse employment decision" and, as such, was prohibited by Federal Rule of Evidence 701(b). *Timbie v. Eli Lilly and Co.*, Civ. No. 3:08-cv-00979 (PCD), at *16-17 (D. Conn. July 14, 2010) (quoting *Hester v. BIC Corp.*, 225 F.3d 178, 185 (2d Cir. 2000) (discussing relevant standards for determining whether evidence is admissible under Rule 701(b)). The district court's decision does not constitute improper evidence-weighing, but rather a proper consideration of whether the Elliott Affidavit was admissible. Timbie's argument that the district court's decision to decline to consider the Elliott Affidavit was an improper application of the summary judgment standard is therefore without merit.

Timbie further argues that the district court erroneously disregarded "smoking gun" evidence of direct age discrimination in the form of Boston's remark that "[i]t's only fitting that you not get a raise because, after all, you make so much more than some of the younger people on the team." In determining whether a remark is probative, courts have considered four factors: "(1) who made the remark (i.e., a decision-maker, a supervisor, or a low-level co-worker); (2) when the remark was made in relation to the employment decision at issue; (3) the content of the remark (i.e., whether a reasonable juror could view the remark as discriminatory); and (4) the context in which the remark was made (i.e., whether it was related to the decision-making process)." *Henry v. Wyeth Pharm., Inc.*, 616 F.3d 134, 149 (2d Cir. 2010). The alleged remark, which the district court noted Boston adamantly denied making but nevertheless "for purposes of this motion" accepted as true, could be interpreted as having been made in relation to the employment decision at issue as well as the decision-making process; and while the remark is not necessarily based on age as much as it is on pay-grade, it is it is nevertheless facially age-based. *See generally Tomassi v. Insignia Fin. Grp., Inc.*, 478 F.3d 111 (2d Cir. 2007). However,

4

even if probative, the remark was insufficient to allow Timbie to carry her burden in showing that age-discrimination was the "but-for" cause of Eli Lilly's decisions regarding Timbie's salary and bonus.

After having conducted an exhaustive review of the record, and carefully considered Timbie's remaining arguments, we affirm the district court's judgment for substantially the same reasons stated by the district court in its thorough and well-reasoned decision. We find no merit to Timbie's allegations that the district court misapplied the summary judgment standard, and agree with the court's conclusions that there is no genuine dispute as to any material fact and that Eli Lilly is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Kaytor*, 609 F.3d at 545-46.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5